IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK MEALING                                                                                         PLAINTIFF

V.                                              NO. 3:11CV00026

DENSO MAUNUFACTURING ARKANSAS, INC.                              DEFENDANT

### ORDER

Pending are Plaintiff's motion to compel compliance with notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6),(docket # 11) and Defendant's response and objections to Plaintiff's Rule 30(b)(6) notice of deposition,(docket # 14).

On November 2, 2011, Plaintiff provided Defendant with a document outlining proposed areas of inquiry for a Rule 30(b)(6) deposition notice to be issued on a later date.  Thereafter, the parties conferred regarding the Defendant's objections to certain areas of inquiry.  On November 25, 2011, Plaintiff filed a formal notice of deposition with the Court and simultaneously filed a motion to compel.  Defendant sets forth its objections to the November 25, 2011 notice in its response.

Defendant objects to each area of inquiry to the extent it solicits attorney-client communication or attorney work product.  To the extent any question asked at the deposition solicits matters which are privileged, the Defendant is directed to preserve his objection on the record.  The parties may present these issues to the Court for resolution following the completion of the deposition.

Defendant objects to Plaintiff's inquiry into matters not related to the claims and issues in

this case. Generally, parties may obtain discovery regarding any matter, not privileged, so long as it is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b). The Court finds that Plaintiff's notice is overly broad as it seeks information relating to gender discrimination or harassment, issues not alleged in this case and seeks information relating to a motion for summary judgment which has not been filed in this case. Discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26(b)(1). Accordingly, Defendant's objection is sustained.

Defendant also objects to the Plaintiff's notice at paragraphs 4 and 7 as overly broad in that these paragraphs fail to define a relevant period of time. The Court finds that a time period of seven (7) years is reasonable. Defendant should produce a witness or witnesses who will be able to give testimony relating to these areas of inquiry for the past seven (7) years.

Defendant objects to Paragraph 11 of the notice because Defendant does not maintain the statistics requested. The Court finds the area of inquiry relevant and discoverable, however, more appropriately addressed in written discovery.

Defendant's remaining objections are overruled and Defendant's request for a protective order is denied. Accordingly, Plaintiff's motion to compel is granted in part and denied in part as set forth herein.

IT IS SO ORDERED this 6th day of December, 2011.

James M. Moody
United States District Judge